IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,374-01






EX PARTE GARY GRAVES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 32144A IN THE 33RD JUDICIAL DISTRICT COURT


FROM BURNET COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while
intoxicated, and was sentenced to five years' imprisonment with an affirmative deadly weapon
finding. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 

counsel failed to advise him of the possibility of disputing the deadly weapon allegation. The
indictment alleged that Applicant committed the offense of driving while intoxicated, and that
Applicant used or displayed his vehicle as a deadly weapon. Applicant alleges that after he pleaded
guilty to the offense of driving while intoxicated, he was asked how he pleaded to the deadly weapon
allegation. Applicant apparently expressed some confusion as to why he needed to enter a separate
plea to the deadly weapon allegation. According to Applicant, the trial judge told him that driving
the vehicle while he was intoxicated made the vehicle a deadly weapon, and because he had already
pleaded guilty to driving while intoxicated, he interpreted the judge's statement to mean that the
affirmative deadly weapon finding was automatic. Applicant alleges that counsel was ineffective
for failing to properly explain the affirmative deadly weapon allegation to him, and failing to explain
that he could plead guilty to the offense of driving while intoxicated without pleading true to the
deadly weapon allegation.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel advised Applicant as to the
meaning and consequences of an affirmative deadly weapon finding prior to the entry of the plea. 
The trial court shall also make findings as to whether Applicant's plea of true to the deadly weapon
allegation was a part of the plea agreement, and as to whether Applicant was instructed that he could
plead guilty to the offense of driving while intoxicated without pleading true to the deadly weapon
allegation. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 24, 2008

Do not publish